James E. BROWN, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 02–3375.

United States Court of Appeals,
Federal Circuit.

March 21, 2003.

Rehearing and Rehearing En Banc
Denied May 5, 2003.

Before MAYER, Chief Judge, NEWMAN and GAJARSA, Circuit Judges.

PER CURIAM.

James E. Brown petitions for review of the decision of the Merit Systems Protection Board, Docket No. DC0752010512–I–1, dismissing his appeal. For the reasons that follow, we *affirm* the decision of the Board.

## BACKGROUND

Mr. Brown was a civilian employee of the Department of Defense from 1965 until 1997, except for a period between 1967 and 1971. In 1975, Mr. Brown filed an administrative complaint charging that he had been systematically denied promotions and subjected to unlawful retaliation because of his race and for filing previous discrimination complaints. In 1977 the Army issued a final decision rejecting his complaint, and he appealed to the Administrative Review Board of the Civil Service Commission, which transferred it to the Equal Employment Opportunity Commission when that agency was formed in 1978. In 1981 the EEOC remanded a portion of Mr. Brown's complaint to the Army for further investigation and analysis. Because one of the alleged discriminators had become the Administrator of the Army's Civilian Appellate Review Agency, the Army did not itself conduct the review but referred the complaint back to the EEOC for investigation. The Army and the EEOC entered into a Memorandum of Understanding about the conduct of the investigation wherein, upon conclusion of the investigation, the EEOC would forward the investigative file to the Agency, including a recommendation as to the disposition of the complaint. The Memorandum provided that the EEOC's recommendation could be rejected, accepted, or modified by the Army, but must be processed within 30 days. The Memorandum provided that if the Army did not timely act upon the recommendation, it would be deemed accepted and binding upon the Army.

The EEOC found in Mr. Brown's favor and recommended his retroactive promotion with full back pay and other appropriate relief. The Army attempted to reject the recommendation, but did not do so within the agreed time. Mr. Brown sued for enforcement in the United States District Court for the District of Columbia, which found in his favor, holding the Army was bound my its Memorandum of Understanding to implement the EEOC recommendations. The court ordered the following compensation:

To account for the position he was improperly denied, Brown's compensation

shall reflect a promotion to GS–9, effective August 21, 1975. From that date on, his career path shall track Scheuddig's [the employee actually appointed to the disputed position], with the exceptions noted above. Brown shall be compensated as if he had been promoted to GS–11, effective October 1, 1978, and as if he had been promoted to GS–12, effective June 7, 1981. He shall be compensated as if he had been promoted to GM–13 on May 23, 1982, and as if he had been compensated at that level ever since. Brown's compensation shall take the form of back pay: he shall be entitled to such income as he would have received absent the discrimination, less any income actually earned during this period.

*Brown v. Marsh,* 713 F.Supp. 20 (D.D.C. 1989) (footnote omitted), *aff'd sub nom. Brown v. Secretary of the Army,* 918 F.2d 214 (D.C.Cir.1990).

Mr. Brown states that in response to the District Court's order the Army promoted him from GS–8 to GM–13, but he states that the debt for back pay was never paid.[1] He further asserts that the Army incorrectly reported to the Internal Revenue Service that the debt was paid, resulting in an incorrect tax assessment and IRS charges of "tax evasion, attempted income evasions, fraud, and false statements." Mr. Brown litigated the IRS assessment of additional taxes in the United States Tax Court, but did not prevail. He states that he paid $122,150.03 in taxes on back pay that he never received.

Mr. Brown retired in December 1997. The Board found that he applied for and received a separation incentive of $25,000.00 to retire, but Mr. Brown alleges

his retirement was involuntary because the IRS charges that were still unresolved at the time could be used to disqualify him for continued employment.

Mr. Brown filed an appeal with the Board's Atlanta Regional Office on April 27, 2001, alleging that OPM had miscalculated his retirement annuity. He subsequently added complaints against the Army that it had incorrectly computed pay and allowances for his retroactive promotions, that it had subsequently reduced his salary, and that his retirement was a constructive removal. The Board bifurcated the case and transferred the claims against the Army to the Board's Washington Regional Office. The Board's dismissal of these claims against the Army is the subject of this petition for review.

DISCUSSION

Mr. Brown raised four issues before the Board: that OPM miscalculated his retirement annuity; that the Department of the Army failed to accurately compute and disburse pay allowances due him in connection with appointments retroactive to August 21, 1975; that he was unlawfully reduced in pay "at some point between May 20, 1992 and December 31, 1997"; and that his retirement was involuntary and a constructive dismissal.

■ The Board found that Mr. Brown's claim that OPM miscalculated his retirement annuity was litigated in the Board's Atlanta Regional Office and had been dismissed as settled. The Atlanta Regional Office issued an initial decision on May 11, 2001, in which the Administrative Judge examined the settlement agreement, deemed it lawful on its face, and found that

---

1. This is at variance with his assertion before the Board that the Army made only a partial payment of $98,198.08. *See Appellant's Response to Show Cause Order on Jurisdiction* at 9, RA–53. The same document reports that the district court refused to order further payment.

the parties had entered it voluntarily and understood its terms. The AJ then dismissed the appeal as settled. *See Brown v. OPM,* Docket No. AT0831010529–I–1 (MSPB May 11, 2001). Mr. Brown does not dispute these events, but he describes the settlement as an "interim" one, pending the possibility that OPM might receive further data from the Army which might cause it to reach a different result. He states that the computation of his retirement annuity was not before the Board because it had not been transferred to the Washington Regional Office with the other claims against the Army. However, he asks us to review the merits including another computation of his annuity by OPM that was issued on August 28, 2002. By letter of Feb. 24, 2003 Mr. Brown states that this decision was affirmed by the Board in the Atlanta Regional Office. *Brown v. OPM,* Docket No. AT0831030529–I–1 (MSPB Feb. 5, 2003). This MSPB decision is not properly before us, or the OPM decision that it reviewed.

As for the decision before us on this appeal, we agree that the Board correctly determined that Mr. Brown's charge that OPM had miscalculated his retirement annuity had been settled in the litigation before the Atlanta Regional Office and could not be relitigated before the Board. Even if the AJ was mistaken in her conclusion that Mr. Brown was raising this issue, any such error was harmless. The decision of the Board on this point is affirmed.

■ The Board interpreted Mr. Brown's charge that the Army had unlawfully reduced his pay "at some point between May 20, 1992 and December 31, 1997," as an allegation that he was improperly demoted by a RIF that occurred in May 1992. Mr. Brown does not dispute this characterization. The Board found that this claim also had been the subject of past litigation before the Board, and had been dismissed as

untimely in June 1993. The Board thus ruled that this claim was also barred by *res judicata* and dismissed it. Mr. Brown does not address the question of whether he had previously litigated this claim; instead, he re-argues the merits of the claim. Since Mr. Brown does not allege error in the Board's conclusion that this claim has been litigated before, and we discern no basis for such an allegation, we must affirm the Board's dismissal of this claim.

■ The Board found that Mr. Brown's complaint that the Army failed to accurately compute and disburse pay allowances to him in connection with appointments retroactive to August 21, 1975 were efforts to enforce, in the MSPB, judgments he had obtained in the EEOC and the District Court for the District of Columbia. The Board ruled that it has no authority to enforce the judgments of these tribunals. Mr. Brown has shown no statute, rule or regulation which provides this jurisdiction, and we know of none.

In his filings before the Board, Mr. Brown reported that the D.C. District Court that had affirmed his award against the Army had refused to order further compliance, having found the Army's compliance substantial. The District Court was the correct forum in which to seek enforcement of the award, and Mr. Brown availed himself of this forum. His attempt to re-litigate the issue before the Board is an attempt to obtain relief that has already been denied by the proper tribunal. The Board's decision that it has no jurisdiction over this claim is affirmed.

■ The Board found that Mr. Brown received a separation incentive of $25,000.00 to retire from his position with the Army, and that he did not allege that the retirement was involuntary until his response to a jurisdictional order dated May 7, 2001. Appeal from a constructive

removal must be filed within 30 days from the effective date of retirement. *See* 5 C.F.R. § 1201.22(b). The Board observed that this allegation was over three years late, and declined to excuse the delay on Mr. Brown's argument that he had during this period been seeking relief in Congress and in other courts and agencies. We agree with the Board's determination that he has not shown good cause for his late filing. The decision of the Board dismissing his constructive removal complaint is affirmed.

